LINN *v.* LINN.

(*Supreme Court, Special Term, New York County.* November 10, 1888.)

DIVORCE—MOTION TO SET ASIDE DECREE—REFERENCE FOR FURTHER PROOF.
    A reference will be ordered to take further proof, on an application to set aside a decree of divorce, after a lapse of nine years, the plaintiff having since remarried, where defendant's papers make out a case to explain the delay, and to show that the process was never served on her, and that she was in Europe at the time she was alleged to have committed the adultery with a Philadelphia dentist, and plaintiff's papers in answer are not full; no explanation being given of the absence of affidavits by the witnesses on the trial, nor anything to show the efforts to find the person alleged to have served the summons, and who at the time of the service is stated to have lived on the same street with plaintiff.

At chambers. On motion to set aside decree.

Motion to set aside a decree of absolute divorce, obtained on the ground of adultery, by Samuel H. Linn against Amelia C. Linn. In 1877 the plaintiff

left his wife, and has since, as he says, resided in New York, Philadelphia, and Europe. When the action was brought he resided at Yonkers, and the papers are alleged to have been served on the defendant by John H. Walker, who, the plaintiff avers, resided on the same street in Yonkers. The defendant avers that the papers were never served on her; that at the time of the alleged adultery with a Philadelphia dentist she was in Europe; and that she was not able to serve the motion papers on plaintiff till September, 1888. The decree was obtained in 1879, and plaintiff has since remarried.

*David McClure*, for plaintiff.    *Sidney Williams*, for defendant.

BARRETT, J.   The court should be reluctant to interfere with a decree which has existed for so long a time as the present, and upon the faith of which an innocent woman has become wife and mother. If, however, the process was never served upon the defendant, the court did not acquire jurisdiction, and the decree is void. So, too, if the decree was obtained by false testimony given at the plaintiff's instigation, and with knowledge of its falsity,—if, in other words, the entire proceedings were a fraud upon justice,—this defendant should not remain under the ban. Of course the case must be clear and irrefragable, the explanation of the delay perfect, and the conclusion irresistible, before the court would be justified or would ever think of disturbing the existing condition of things. I must confess that the defendant makes out an unusually strong case; and if the witnesses are credible, and not shown to have erred as to dates, if supported by papers, *data*, or events, the plaintiff has a difficult application to answer. But the witnesses must appear, and submit to cross-examination. I might have denied this motion if the plaintiff's papers had been fuller and less reticent. It is strange that not a word is spoken by the witnesses Davis and Munsell, nor is any proof given as to why they have not come forward.

It is strange, too, that nothing can be ascertained as to Walker's whereabouts, and that the details of the efforts to trace him have not been given. The plaintiff himself might have told us something more than that. Upon investigation he found that he had sufficient grounds for applying for an absolute divorce. If the defendant was really in this country in the summer of 1879, there surely must have been some attainable evidence of that fact,—something better than her admission to the plaintiff's brother in Paris upon the other hand, it is strange that Dr. Bings' affidavit has not been produced, nor the failure to do so accounted for. There are many other circumstances which might be adverted to, but enough has been suggested to indicate why I am not satisfied with the facts before me on these affidavits, and why I feel unwilling either to grant or deny the motion upon the papers as they stand. I shall order a reference to take further proof, and shall require the parties and their witnesses to appear and submit to examination and cross-examination, and shall authorize the referee to take further proof; that is, to examine other witnesses besides the present affiants, if the parties choose to or can produce them. Some proper provision can be made as to foreign witnesses who may decline or be unable to come here, and the referee can report, with his opinion. Let the order be settled on two days' notice, and the referee can then be selected.